**In re Perry Lee BIANCAVILLA and Kathryn Eileen Biancavilla, Debtors.**

**Bankruptcy No. 94–00100.**

United States Bankruptcy Court, D. Idaho.

Aug. 3, 1994.

Loren C. Ipsen, Ipsen & Perry, Boise, ID, for debtors.

Barry Peters, Boise, ID, for trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

Presently before the Court is the trustee's objection to chapter 7 debtors Perry Lee and Kathryn Eileen Biancavilla's claim of exemptions.

The trustee objects to the following property which the debtors have claimed as exempt under Idaho Code § 11–605(1)(a):

| | |
|---|---|
| Computer Desk: | $ 25.00 |
| Computer [1]: | $250.00 |
| Entertainment Cabinet | $300.00 |
| Stereo System | $100.00 |
| Television | $150.00 |
| Sega and Nintendo games | $ 75.00 |
| VCR [2] | $140.00 |
| Toys and Sporting Goods | $ 50.00 |
| Bowling Balls | $ 25.00 |
| Television [3] | $ 75.00 |
| Computer System | $400.00 |
| Golf Clubs | $100.00 |
| Utility Cart | $ 25.00 |
| Fishing Equipment | $ 25.00 |
| Camping Equipment | $ 50.00 |
| Patio Furniture | $ 40.00 |
| Software | $100.00 |
| Camera | $ 25.00 |
| Browning Shotgun [4] | $ 90.00 |

Cash Value of Life Insurance Policies.

## I.

### ITEMS BELONGING TO THIRD PARTIES

■ At the hearing, Mr. Biancavilla testified that the toys and nintendo games were purchased by the debtors for the use of their nine year old son Alex. As such these items are not part of the estate. Therefore, although these items are exempt, neither are the subject to liquidation by the trustee.

## II.

### HOUSEHOLD FURNISHINGS

Idaho Code § 11–605(1)(a) provides in part:

An individual is entitled to exemption of the following property to the extent of a value not exceeding five hundred dollars ($500) on any one (1) item of property and not to exceed a total value of four thousand dollars ($4,000) per household for all items exempted under this subsection:

(a) furnishings and appliances *reasonably necessary* for one (1) household, including one (1) firearm;

.   .   .   .   .

Idaho Code § 11–605(1)(a) (emphasis added).

Idaho Code § 11–605(1)(a) does not allow debtors to exempt any "furnishings and appliances." Rather, only those furnishings and appliances which are "reasonably necessary" may be shielded from creditors.

The phrase "reasonable necessary" must necessarily be left to judicial interpretation based on the facts in each case as there is a lack of specific guidance from the Code. Although exemptions are to be construed liberally, the legislative intent is not to torture the language by giving it a very liberal interpretation, but to give the debtor an opportunity for a "fresh start" without doing so at the expense of a particular creditor or creditors. This Court will not enlarge the language found in the exemption statute by exempting all household furnishings, but will make a factual determination that the exempt property is reasonable and necessary within the contemplation of the legislative intent.

*In re Hulse,* 89 I.B.C.R. 87, 88–89 (Bankr.D.Idaho 1989) (J. Lodge).

■ Whether a particular item is reasonably necessary depends in part upon local custom and usage which may change over time. For example in 1989, the Idaho Bankruptcy Court held that a VCR and a stereo were "luxury items" and not exempt under Idaho Code § 11–605(1)(a). *In re Hulse,* 89 I.B.C.R. at 89. In 1991 the Idaho Bankruptcy Court determined that the use of VCRs in local homes had become so prevalent that they were now exempt under Idaho Code § 11–605(1)(a). *In re Akerman,* 91 I.B.C.R. 26, 27 (Bankr.D.Idaho 1991) (J. Pappas).

■ VCRs, televisions and stereos are now so prevalent in local households they are "reasonably necessary." However, the debtors have claimed not one but three televisions. In addition the debtors have claimed two VCRs. More than one TV or VCR should not be "reasonably necessary" to furnish a household. The debtors may claim

---

**1.** The debtors also claim that this computer is exempt under Idaho Code § 11–605(3).

**2.** The debtors have also claimed one other VCR as exempt.

**3.** In addition to the two televisions to which the trustee objects, the debtors have claimed a third television as exempt.

**4.** Pursuant to Idaho Code § 11–605(1)(a), the debtors also claim one Colt .45 pistol.

one TV and one VCR. The debtors will not be allowed to exempt any additional TVs, VCRs, or stereos entertainment units.

■ The exemption of the utility, patio furniture and entertainment cabinet will be allowed.

■ However, the sporting goods, bowling balls, golf clubs, fishing equipment, camping equipment and the Sega and camera are all recreational items. Recreational equipment is not "reasonably necessary" for the debtors' household, and is therefore not exempt. *See In re Hulse*, 89 I.B.C.R. at 89. In addition such items are not "household furnishings or appliances."

■ The computer and computer system are also luxury items as compared to reasonably necessary household items. Therefore, the debtors' claim of exemptions as to the computer, the computer system and the software will be denied as to Idaho Code § 11–605(1)(a). The computer desk is presumably serviceable as an ordinary desk and therefore the debtors' claim of the computer desk will be allowed.

### III.

### TOOLS OF THE TRADE

■ The debtors also seek to exempt the computer and the computer system under Idaho Code §11–605(3):

> An individual is entitled to exemption, not exceeding one thousand dollars ($1,000) in aggregate value, of implements, professional books, and tools of the trade ...

Idaho Code § 11–605(3).

Mr. Biancavilla presently works for Hewlett–Packard as a packaging engineer. Although there has been no showing that Hewlett Packard requires Mr. Biancavilla to own or use a home computer, Hewlett Packard has provided Mr. Biancavilla with computer software for the purpose of allowing him to work at home. (Mr. Biancavilla's previous employer also provided Mr. Biancavilla with computer software for the purpose of allowing him to work at home.) Mr. Biancavilla uses his computer a couple of hours most mornings before going to work. He also uses the computer to work at home during the weekends.

■ The Idaho Bankruptcy Courts have held that the mere fact that a debtor uses an item in the earning of his livelihood is not sufficient to allow an exemption of the item under Idaho Code § 11–605(3). The item must be necessary for the debtors' continued employment. *In re Ackerman*, 91 I.B.C.R. at 27–28 (*citing In re Moon*, 89 I.B.C.R. at 30 (Bankr.D.Idaho 1989)).

Mr. Biancavilla testified that the computer was not absolutely necessary to his continued employment because he could perform all of the work he currently does at home at the office. Therefore, the trustee contends that the computer and computer software do not come under the tools of the trade exemption. *See In re Ackerman, supra.*

■ However, this case is distinguishable from *In re Ackerman*, and *In re Moon*, because Mr. Biancavilla's employer provides him with the software necessary to work at home. Where a employer expends money for the purpose of allowing an employee to work at home, those items actually used by the debtor to work at home may be considered tools of the trade. Therefore, the debtors may exempt the computer and software that he actually uses for work at home. The second computer not actually used for work at home is not exempt.

### IV.

### FIREARMS

■ The trustee contends the debtors may claim as exempt only one firearm. The debtors contend that Idaho Code § 11–605(1)(a) allows them to exempt one firearm each. In, *In re Cooper*, 86 I.B.C.R. 151, 154 (Bankr.D.Idaho 1986) (J. Hagan), this Court held that Idaho Code § 605(1)(a) allows the exemption of one firearm per debtor. Therefore debtors may each claim one firearm.

### V.

### LIFE INSURANCE POLICIES

■ The debtors concede they are not entitled to exempt the cash value of the life

insurance policies under Idaho Code § 11–604(1) because the cash value is not reasonably necessary to support the debtors or their children. Instead, the debtors contend that because the childrens' lives are insured by the policies, the policies belong to the children and not the estate.

However, there is no evidence before the Court indicating that the policies actually belong to the children. The children do not have the right to designate the policy beneficiaries. Nor do the children have the right to "cash out" the policies. Both of these rights belong to the debtors. Therefore, the policies are non-exempt property of the estate.