**In re Richard Bruce ANDREWS and Robin Leialoha Andrews, Debtors.**

**Bankruptcy No. 98–030131.**

United States Bankruptcy Court, D. Idaho.

Oct. 7, 1998.

Kenneth L. Anderson, Anderson Law Office, Lewiston, ID, for Debtors.

Milan E. Miller, Lewiston, ID, for Trustee.

## MEMORANDUM OF DECISION AND ORDER

TERRY L. MYERS, Bankruptcy Judge.

This matter comes before the Court on the Trustee's objections to the Debtors' claims of exemption on their schedule C and amended schedule C. The Trustee objects to the Debtors' attempted use of the federal exemptions pursuant to § 522(b)(1)[1] and § 522(d). Additionally, the Trustee objects to certain of the Idaho exemptions "alternatively claimed" by the Debtors.

---

1. Unless otherwise indicated, all references to "code," "title," "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101—1330, and all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr. P.") 1001—9036.

## FACTS

On March 23, 1998, the Debtors filed a § 302 joint petition for relief under chapter 7 in the District of Idaho. In their original schedules, the Debtors claimed certain real and personal property exemptions under the federal exemptions found in § 522(d) on the theory that Mr. Andrews' residency in Washington gave both Debtors this option. *See,* § 522(b)(1).

After the Trustee objected to the Debtors' use of the federal exemptions, the Debtors amended their schedule C and submitted *two* versions, with one claiming the federal exemptions and the other "alternative" schedule claiming Idaho exemptions.[2] Again the Trustee timely objected to the use of federal exemptions, and also specifically to some of the claims under the Idaho exemptions. Rule 4003(b).

Before the Debtors filed the petition for relief, they had been living separately. Mrs. Andrews has lived in Lewiston, Idaho, without interruption since July 1993. From September 1997 to the time of filing, Mr. Andrews has lived near Asotin, Washington, a town roughly ten miles from Lewiston.[3] There is no indication that either Debtor intended to change their living arrangements at the time the petition for relief was filed. In fact, the Idaho and Washington addresses were used by the Debtors, respectively, on their joint petition, schedules and statement of affairs.

## DISCUSSION

There is a difference between bankruptcy venue and exemption provisions. A debtor may properly file a case in a district where he or she *resided,* was *domiciled,* or had his or her *principal place of business,* or *principal assets* located for the greater portion of the 180 days immediately before filing.[4]

 Mrs. Andrews could only properly commence her case by filing in Idaho since her residence, domicile and the marital community's principal assets are all located here. Mr. Andrews could properly commence a case by filing his petition for relief in Washington (his residence if not his domicile)[5] or in Idaho (the place where the marital community's principal assets are located).

Mr. Andrews chose (a) to file his petition jointly with his wife and (b) to file in the District of Idaho. Both Mr. and Mrs. Andrews have properly commenced their joint case under § 302 by filing here. That filing gives rise to an estate encompassing all property interests of either Debtor. *See,* § 541(a)(1) and (a)(2).

A Debtor's choice of exemptions is prescribed in § 522(b), which provides:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt

---

2. The Idaho exemptions claimed by the Debtors are under Idaho Code §§ 55–1001 *et seq.* (real property) and 11–605 (personal property).

3. Mr. Andrews' testimony was that he lived in Bremerton, Washington (9/95 to 8/96), off and on in Idaho with his wife (8/96 to 9/97) and in Asotin, Washington (9/97 to 7/98). The testimony further reflects that, in Asotin, he resided in a travel trailer behind a "shop" where he plied his trade.

4. The venue statute, 28 U.S.C. § 1408, provides:

[A] case under title 11 may be commenced in the district court for the district—
 (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of

such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
 (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

5. "Domicile" is a "physical presence in a place in connection with a certain state of mind concerning one's intent to stay there." *In re Halpin,* 94 I.B.C.R. 197, 1994 WL 594199 (Bankr.D.Idaho 1994). Residence refers to the place where one lives, but does not require an intent to make it one's fixed or permanent home. *Id.* A person can have several residences but only one domicile. *Id.* That Mr. Andrews intended the travel trailer in Asotin to be his "domicile" has not been established. His filing of exemption schedules (both state and federal) claiming the Lewiston real property jointly with his wife as a "homestead" impeaches the argument of an Aso-

from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (1), where such election is permitted under the law of the jurisdiction where the case is filed. Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; . . .

If the state law of the debtor's domicile does not prohibit the use of federal exemptions, a debtor has the choice of using paragraph (b)(1) or paragraph (b)(2). Washington allows the debtor to chose.[6] Idaho, however, mandates use of state exemptions only. Idaho Code § 11–609.

As noted, Mr. and Mrs. Andrews elected to file a voluntary joint petition for relief and to do so in Idaho, which is clearly a proper venue as to both Debtors.

■ Mrs. Andrews had no choice but to file in Idaho, and is bound to the exemptions under § 522(b)(2) and Idaho law. Mr. Andrews elected his venue and elected to file jointly. Having done so, he is also limited to use of Idaho exemptions.[7] The Trustee's objection to Debtors' use of the federal exemptions is sustained.[8]

The next several issues flow from the Trustee's objection to certain of the exemptions claimed under Idaho law.

■ The Local Bankruptcy Rules require a debtor to specifically describe each item of property claimed as exempt.[9] The Trustee objects to the Debtors' claim of exemption on "miscellaneous garden items" and "miscellaneous patio furnishings" as being inadequately described. While this property has not been described with a great deal of specificity, there is enough detail [10] for the Trustee to decide if he believes the exemption exceeds § 11–605(1)(a) parameters. The Trustee's objection on this basis is overruled.

■ Idaho Code § 11–605(1)(a) allows an individual to exempt furnishings and appliances reasonably necessary for one house-

tin "domicile." *See, e.g.,* Idaho Code § 55–1001(2).

6. This result is by virtue of the fact that Washington did not "opt-out" of the federal exemptions.

7. Whether Mr. Andrews could have *separately* filed in the District of Washington, and, if so, what exemptions might be claimed, are matters not before the Court. Resolution of such issues would appear to depend, at least in part, on whether an individual case by Mrs. Andrews in Idaho preceded or followed such a Washington filing, and upon the characterization of assets in those cases as community property or separate property. *See, e.g.,* § 541(a)(2).

8. Section 522(b) prohibits joint debtors from "splitting" their exemptions, *i.e.,* one claiming under § 522(b)(1) and the other under § 522(b)(2). That issue is not presented here as Debtors made it clear at hearing that they desired to jointly claim federal exemptions and, failing that jointly claim only Idaho exemptions.

9. The Idaho Code section under which any exemption is claimed, and each item of property claimed as exempt, shall be described with specificity, without reference to other schedules.
Local Bankruptcy Rule 4003.1(a).

10. In some cases such a description could be inadequate. Here, however, the dollar amounts, $9.00 and $65.00 respectively, for these items together with the separate, specific exemptions for items which could otherwise fall within such categories, cure any defect.

hold. The Trustee objects to several items as not within this definition. What is reasonably necessary is determined in part by local custom and usage. *In re Biancavilla,* 173 B.R. 930, 932, 94 I.B.C.R. 150, 151 (Bankr.D.Idaho 1994).

■ Three of the items are objected to because they duplicate other items—a barbeque, a stereo and a word processor. Debtors are limited to claiming only one television or video cassette recorder. *Id.* Similarly, absent special circumstances established by the debtor, a household reasonably requires only one of each of these types of items. The Trustee's objection to the these claims is sustained.

■ The Trustee further argues that the following items simply are not reasonably necessary for a household:

AT & T Caller ID
Barrymore reproductions (4)
Belt sander
Bench grinder
Dried Floral (5)
Electric leaf blower
Framed oil paintings (2)
Glue gun
Native American picture
Needle point picture (2)
Pastel chalk pictures(2)
Pencil sketched tree
Pink Mountain picture
Sand Painting
Shop vac
Stripped wool picture
Tool boxes
Wall hung pans (3)
Water color pictures(2)
Wooden plaques (3)
Saber saw [11]

The list above can be divided in three general categories—home decorations, tools and the caller ID. Together, the contested deco-

rations have a collective value of $61.00, the tools $91.00, and the caller ID $5.00. A certain amount of decorative items and hand tools are reasonable "furnishings and appliances" for a household. If any specific item of art, antique or tool had a significant value [12] or was not commonly found in most households, it may be outside the scope of the statute. However, in this case, the type, nature and value of the disputed items are reasonable and do not raise such an issue. The Trustee's objection to these items is overruled.

### ORDER

The Trustee's objection to the Debtors' attempted use of federal exemptions is SUSTAINED. The Trustee's objection to certain items being inadequately described or not reasonably necessary for a household is OVERRULED. The Trustee's objections to duplicated items is SUSTAINED.

---

11. The Trustee also objected to a "Dremel scroll saw," "Dremel tool with accessories" and "Knick–Knacks." These items do not appear to have been claimed on amended schedule C as exempt, and the Trustee's objection is therefore moot.

12. *Idaho Code 11–605(1) sets limits of $500 per item and $4,000 per household for property exempted under this section.*